**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ty'shun Mario Bessellieu, Appellant.

Appellate Case No. 2018-000622

———————

Appeal From Georgetown County
Steven H. John, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-417
Submitted October 1, 2021 – Filed November 17, 2021

———————

**AFFIRMED**

———————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia, and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

———————

**PER CURIAM:** After firing multiple gunshots at four women gathered on a porch and injuring one, Ty'Shun Bessellieu was convicted of four counts of attempted murder. On appeal, he asserts the trial court erred in 1) charging the jury on the

doctrine of transferred intent and 2) failing to direct a verdict of not guilty. We affirm.

1. The trial court erred by charging the jury on the doctrine of transferred intent. *See State v. Geter*, Op. No. 5851 (S.C. Ct. App. filed Aug. 18, 2021) (Howard Adv. Sh. No. 28 at 82, 91) (holding doctrine of transferred intent may not be applied in prosecution for attempted murder, stating: "[s]o long as attempted murder is a specific intent crime, transferring the intent to kill does not satisfy the necessary mens rea to convict a defendant of the attempted murder of an unintended victim"); *State v. Williams*, Op. No. 5835 (S.C. Ct. App. filed July 14, 2021) (Shearouse Adv. Sh. No. 24 at 21, 31-32) (holding doctrine of transferred intent may not be charged when the defendant is acquitted of attempting to kill the intended victim); *see also State v. Williams*, 427 S.C. 148, 158, 829 S.E.2d 702, 707 (2019) (vacating court of appeals opinion holding transferred intent is applicable in attempted murder prosecution); *State v. King*, 422 S.C. 47, 56, 810 S.E.2d 18, 23 (2017) (holding attempted murder is a specific intent crime and "it is logically impossible to attempt an unintended result" (quoting 22 C.J.S. *Criminal Law: Substantive Principles* § 156, at 221–22 (2016))); *see also State v. Belcher*, 385 S.C. 597, 612, 685 S.E.2d 802, 810 (2009) (holding new rule of law regarding a jury charge would apply to "all cases which are pending on direct review or not yet final where the issue is preserved"), *overruled on other grounds by State v. Burdette*, 427 S.C. 490, 832 S.E.2d 575 (2019).

However, in light of the jury charge as a whole, the erroneous transferred intent charge does not warrant reversal of Bessellieu's attempted murder convictions. *See State v. Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 463–64 (Ct. App. 2003) ("In reviewing jury charges for error, [an appellate court] must consider the court's jury charge as a whole in light of the evidence and issues presented at trial" and, "[i]f, as a whole, the charges are reasonably free from error, isolated portions which might be misleading do not constitute reversible error."). First, the trial court gave clear and correct guidance as to what constitutes specific intent, attempt, and express malice, and it instructed the jury it would need to find Bessellieu guilty beyond a reasonable doubt as to each victim he was accused of attempting to kill. Bessellieu asserts charging transferred intent reduced the State's burden of proving specific intent to kill with express malice to general criminal intent with a wanton disregard for human life; however, this argument fails because the trial court did not charge the definitions of implied malice or general intent as to attempted murder. *See State v. Taylor*, Op. No. 5853 (S.C. Ct. App. filed Sept. 1, 2021) (Howard Adv. Sh. No. 30 at 81, 84–86) (discussing requisite levels of intent and malice for crime of attempted murder and finding that despite erroneous language in jury charge on

general malice, the overall jury charge properly instructed the jury on the requisite level of intent needed to sustain an attempted murder conviction, therefore, the conviction should be affirmed).

Further, the evidence overwhelmingly supports convictions for four counts of attempted murder and any error in charging transferred intent was harmless. *See State v. Brooks*, 428 S.C. 618, 627–28, 837 S.E.2d 236, 241 (Ct. App. 2019) (stating erroneous jury charge may be harmless if it does not contribute to the verdict beyond a reasonable doubt). While the evidence showed only one of the women in the group had insulted Bessellieu earlier that evening, there was also evidence Bessellieu intended to kill each of the four women. For example, the evidence indicated Bessellieu knew that the same group of women whom he encountered earlier in the evening were gathered on the porch of one of the victims' homes and Bessellieu pointed his gun directly at the group and fired at least four gunshots. *See Williams*, 427 S.C. at 158 n.9, 829 S.E.2d at 707 n.9 (finding that in a case of mistaken identity, it was unnecessary to use the doctrine of transferred intent to uphold a conviction of attempted murder because evidence was presented indicating Williams intended to kill "the figure in the doorway" and "[i]t matters not that [Williams] may have been unaware it was [X] in the door, rather than [Y]" even though Y was the person Williams had motive to kill); *cf. Geter*, Op. No. 5851 at 83, 91 (finding charge of transferred intent was prejudicial in attempted murder prosecution when evidence demonstrated Geter was acting in self-defense; the person Geter was charged with attempting to murder was hurt because he intervened in a fight between Geter and another man; and the victim was accidentally stabbed by Geter, who intended to stab the other man). Accordingly, we affirm Bessellieu's attempted murder convictions. *See Adkins*, 353 S.C. at 319, 577 S.E.2d at 464 (stating to warrant reversal for an incorrect jury charge, the charge must be both erroneous and prejudicial to defendant).

2. The trial court did not err in denying Bessellieu's motion for a directed verdict as to the four counts of attempted murder. We agree with the trial court that when viewing the evidence in the light most favorable to the State, the State presented both direct and substantial circumstantial evidence indicating Bessellieu drove by porch where the women were gathered, saw the women on the porch, parked his car, proceeded to walk towards the porch, pointed his gun directly at the women, and fired enough rounds to kill at least four of them. *See State v. McGowan*, 430 S.C. 373, 378–79, 845 S.E.2d 503, 505 (Ct. App. 2020) (finding the court of appeals must affirm the trial court's decision to submit the case to the jury when, "view[ing] the evidence and all reasonable inferences in the light most favorable to the State," "the [S]tate has presented 'any direct evidence or any substantial circumstantial evidence

reasonably tending to prove the guilt of the accused'" (second alteration in original) (quoting *State v. Hepburn*, 406 S.C. 416, 429, 753 S.E.2d 402, 409 (2013)).  This evidence demonstrates Bessellieu had the requisite *mens rea* to support four counts of attempted murder of the four women.  *See* S.C. Code Ann. § 16-3-29 (2015) ("A person who, with intent to kill, attempts to kill another person with malice aforethought, either expressed or implied, commits the offense of attempted murder."); *King*, 422 S.C. at 57, 810 S.E.2d at 23 ("Attempted murder is the performance of an act or acts which tend, but fail, to kill a human being, when such acts are done with express malice, namely, with the deliberate intention unlawfully to kill." (quoting *Keys v. State*, 766 P.2d 270, 273 (Nev. 1988))); *Taylor*, Op. No. 5853 at 86 (finding intent to kill may be shown through circumstantial evidence); *cf. McGowan*, 430 S.C. at 381, 845 S.E.2d at 507 (finding first-degree assault and battery of child victim conviction was not supported by evidence of specific intent to injure the child when no evidence was presented McGowan knew the child was in the home when McGowan shot in the direction of the home).

Further, the State met its burden of proving specific intent to kill the women with express malice.  Regardless of the State's theory of transferred intent, the jury could find Bessellieu pointed and fired a deadly weapon multiple times directly at four women, and therefore, he deliberately intended to kill each of them.  *See Williams*, 427 S.C. at 158 n.9, 829 S.E.2d at 707 n.9 (finding the doctrine of transferred intent was unnecessary to uphold Williams' conviction of attempted murder when evidence was presented indicating Williams intended to kill "the figure in the doorway" regardless of whether Williams had premeditated motive to kill that particular person in the doorway).  Accordingly, we affirm the denial of Bessellieu's directed verdict motion.

**AFFIRMED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.